**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TERRANCE TERAN, | No. 19-35784 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-00042-TMB |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, District Judge, Presiding

Submitted May 13, 2022[**]
Pasadena, California

Before: IKUTA, NGUYEN, and OWENS, Circuit Judges.

Terrance Teran appeals the district court's decision affirming the Social

Security Administration (SSA) Commissioner's denial of Teran's disability claim.

We have jurisdiction under 28 U.S.C. § 1291. We review the district court's order

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

de novo, and "will disturb the denial of benefits only if the decision contains legal error or is not supported by substantial evidence." *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) (citation and internal quotation marks omitted).

We reject Teran's argument that the Administrative Law Judge (ALJ) failed to recognize that the period from January 2008 to December 2008 (during which time Teran was engaged in substantial gainful activity) constituted a trial work period. A trial work period cannot begin before the month in which the claimant files an application for benefits, *see* 20 C.F.R. § 404.1592(e), and Teran applied for benefits in 2014.

Nor did the ALJ err in rejecting Teran's claim that his condition was getting worse. The ALJ identified specific evidence in the record supporting his conclusion that Teran's medical record reflected an upward trend in his condition, including evidence that Teran: could work and attend school almost immediately after the alleged disability onset date; had a positive response to medication; could manage his post-traumatic stress disorder (PTSD) symptoms in public; and had "no restriction" with respect to activities of daily living, as his mother confirmed. The ALJ therefore met his burden of "specify[ing] which testimony [he] finds not credible, and then provid[ing] clear and convincing reasons, supported by evidence

in the record, to support that credibility determination." *Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015).

The ALJ's determination of Teran's residual functional capacity (RFC) was supported by substantial evidence. The record indicated that Teran could perform "simple, routine work" that did not involve extensive public interaction or teamwork, and the ALJ incorporated this limitation into the RFC. To the extent Teran alleges that the RFC does not take into account his memory problems and neurological issues, there is no evidence in the medical record to support his claim that he has such conditions. Therefore, we reject Teran's challenge to the ALJ's conclusion that there are jobs that exist in significant numbers in the national economy that Teran has the RFC to perform.[1]

**AFFIRMED.**

---

[1] To the extent Teran raises or attempts to raise additional challenges other than those addressed in this disposition, including his claim that the ALJ failed to review medical records regarding his 2003 assault, they have been waived or inadequately briefed.